# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| SYLVESTER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-237 |
| | ) | |
| PNC MORTGAGE, N.A., | ) | |
| MCCURDY & CANDLER, LLC, | ) | |
| NELSON MULLINS & | ) | |
| SCARBOROUGH, LLP, | ) | |
| GREGORY M. TAUPE and | ) | |
| Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Once again proceeding *pro* se, Sylvester Moore invokes the Federal Debt Collection Practices Act, 15 U.S.C. § 1692e (FDCPA), to sue various people and entities having something to do with the nonjudicial foreclosure of his home. Doc. 1, *as amended*, doc. 3. His previous FDCPA lawsuit, *Moore v. PNC Mortgage, NA*, 414CV127 (S.D. Ga.), resulted in its dismissal because the Complaint was "virtually incomprehensible." *Id.*, doc. 10 at 1. The district judge opted to dismiss it "without prejudice." *Id.*, doc. 21.

Exploiting that second-chance option, Moore filed this second lawsuit against the same lead defendant (PNC) but added some new defendants. 414CV237, doc. 1, *as amended*, doc. 3. As it did in his first case, PNC moves to dismiss. Doc. 9. It invokes Fed. R. Civ. P. 4(m) in asserting that Moore has failed to serve it. Doc. 9-1 at 7-8. It also moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that (a) it is a mortgage loan servicer, not a debt collector; and (b) in any event Moore fails to meet the "debt collector" and prohibited action (false, deceptive practices) pleading requirements for an FDCPA claim.[1] *See* doc. 9-1 at 4-7; *see also*

---

1   As another court explains

> Section 1692(e) of the Act provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" and names "the following conduct [as] a violation of this section: ... (2) The false representation of -- (A) the character, amount, or legal status of any debt."

*Corazzini v. Litton Loan Servicing LLP*, 2010 WL 1132683 at * 3 (N.D.N.Y. Mar. 23, 2010); *see also Young v. Unifund CCR Partners*, 2014 WL 4698646 at * 5 (N.D. Ill. Sept. 22, 2014) ("Section 1692e(2)(A) prohibits the use of deceptive debt-collection practices through the 'false representation of the character, amount, or legal status of any debt.' 15 U.S.C. § 1692e(2)(A). "). In that regard,

> [a] debt collector can be held civilly liable for using: "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt . . ." 15 U.S.C. § 1692(f). "Even when viewed from the perspective of the unsophisticated consumer, the filing of a debt collection lawsuit . . . does not have the natural

doc. 3 (Amended Complaint) at 7-10 (Moore's FDCPA allegations against PNC).

Although a *pro se* complaint must be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), it "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotes omitted). That "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" be enough to survive a Rule 12(b)(6) motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor can this Court advocate on behalf of any party appearing before it. *Boles v. Riva*, 565 F. App'x 845, 846 (11th Cir. 2014) ("[E]ven in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.") (quotes and cite

---

consequence of harassing, abusing or oppressing the debtor. Any attempt to collect a defaulted debt will be unwanted . . . but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330-31 (6th Cir. 2006).

*Washington v. North Star Capital Acquisition, LLC*, 2008 WL 4280139 at * 2 (N.D.Ill. Sept. 15, 2008).

omitted).

PNC prevails here. The specific FDCPA section that Moore invoked creates a right to sue any "debt collector" for making one of several types of false or misleading representations. 15 U.S.C. § 1692e. "A 'debt collector' is defined, for the purposes of § 1692f(6), as 'any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts [or the enforcement of security interests], or who regularly collects or attempts to collect . . . debts . . . due another. . . .'" *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1273 (11th Cir. 2014). Congress intended the Act to reach only third persons who collect debts for others, *not* mortgage originators or servicers. *Zow v. Regions Fin. Corp.*, 2014 WL 589567 at * 2 (S.D. Ga. Feb 14, 2014); *Driskell v. Thompson*, 971 F. Supp. 2d 1050, 1070 (D. Colo. 2013).

Indeed, even if the servicer calls itself a collector, FDCPA plaintiffs must still plead that the debt was in default when the servicer began to service it. *Fenello v. Bank of America, NA*, 577 F. App'x 899, 902 (11th Cir. 2014) (mortgage loan servicer was not an FDCPA "debt collector,"

even though it stated in letter to mortgagors that it was a debt collector under the FDCPA and state laws, where its debt collection activities involved a debt that was not in default at the time it became the servicer); *Beepot v. J.P. Morgan Chase Nat. Corporate Services, Inc.*, ___ F. Supp. 3d ___, 2014 WL 5488791 at * 15 n. 15 (M.D. Fla. Oct. 30, 2014).

Moore's own filings show that PNC was a servicer and that law firms, not PNC, sent him debt-*collection* (as opposed to debt management, or debt satisfaction) communications. Doc. 1-1 at 18-25. Other than Moore's bare conclusion that PNC in fact is a "debt collector," his amended complaint is bereft of the above pleading elements. *Compare Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012) (borrowers' allegations that law firm representing lender, which had sent them dunning letter and enclosed documents, was "engaged in the business of collecting debts owed to others incurred for personal, family[,] or household purposes," and that, in the year before the complaint was filed, firm had sent to more than 500 people "dunning notice[s]" containing "the same or substantially similar language" to that found in the letter and documents attached to the complaint in this case,

plausibly alleged that firm regularly attempted to collect debts and, thus, was a "debt collector" within meaning of the FDCPA). And his "Objection" response to PNC's brief is simply more of the same (a *conclusion* that he has stated a claim). Doc. 16. PNC's motion to dismiss should therefore be granted on Rule 12(b)(6) grounds.[2]

Defendants Gregory M. Taube and Nelson Mullins Riley & Scarborough, LLP, also move to dismiss. Doc. 10. They contend that Moore has likewise failed to allege the requisite "debt collector" facts, much less any communications from Nelson Mullins to him. Doc. 10-1 at 6-7 ("Plaintiff fails to specifically identify any communication from Nelson Mullins that he alleges constitutes debt collection activity").[3]

---

[2] PNC admits, by the way, that its Rule 4(m) argument is not ripe, doc. 9-1 at 8, and it is not necessary to reach that argument in any event.

[3] Moore cites, as evidence of communications from Taupe and Nelson & Mullins to himself, "letters attached to this affidavit as Exhibit G. . . ." Doc. 15 at 2. However, "this affidavit" is actually a brief, and there is no "Exhibit G" in the record. *See* doc. 1-1 (set of Exhibits that end in "Exhibit-E"). Moore does attach, as an unlabeled exhibit to his "Objection" brief, a Nelson Mullins letter to him explaining that he was misusing UCC § 9-210 to demand a "statement of account," then declare his lender in "default" in an evident (and bogus) attempt to "self-discharge" his mortgage debt. Doc. 14-1. That letter is not attached to, much less incorporated by, his amended complaint. Moore's Complaint thus remains unsupported on that score.

The letter, for that matter, explains to Moore that Georgia's version of UCC § 9-210 "applies only to accounts secured by *personal* property," so it bears no application to

6

They also raise the same lack-of-service defense. *Id.* at 7-8. Taube is a Nelson Mullins partner (doc. 10-1 at 2) and Moore apparently named him separately because he saw his name in some documents, doc. 3 at 6 ¶ 34, as well as on the Nelson Mullins website. Docs. 14-18.

The defendants' dismissal motions (docs. 9 & 10) should be **GRANTED** and Moore's case against them should be **DISMISSED WITH PREJUDICE**. Defendants' motion to stay this litigation in the meantime is **GRANTED**. Doc. 13. Finally, Moore is reminded of Rule 4(m)'s 120-day limit for serving the remaining defendants (the Doe and

---

Moore's debt, secured by his real property. Doc. 14-1 (emphasis added); *see also* doc. 1-1 at 6-13 (Moore's correspondence with his mortgage lender in which he invokes "UCC 9-201(a)(2)" to demand an accounting and then insisting he owes nothing because he has, due to the fraud he alleges, "rescinded" his signature from the security deed). While the Court need not pass on the UCC § 9-210 legal contention, it is worth noting that this correspondence cluster evidently supplies the basis for Moore's claim that the defendants violated 1692e by engaging in "false[,] deceptive and misleading representations in connection with the collection of a debt." Doc. 3 at 7. That is, by citing "UCC § 9-210," declaring his mortgage lender in violation of it, then claiming debt discharge as a consequence, Moore seems to then construct his claim: that any further efforts to collect that debt are "fraudulent," etc.

Again, the Court will not pass Nelson Mullins' "UCC inapplicability" contention, but if it is correct then it would gut Moore's case outright. It is enough to say here that where there are no supporting factual allegations pled, only conclusions (e.g., "they defrauded me!"), dismissal is warranted. *See Craig v. Bank of New York Mellon Corp.*, 2014 WL 1347225 at * 11 (E.D.N.Y. Mar. 31, 2014) (in face of lender's dismissal motion against *pro se* §1692e claim, court deemed claim conclusory (hence, deficient) because the "cause of action does not allege any facts whatsoever, but merely tracks the statutory language."); *see also id.* (*sua sponte* authorized re-pleading given *pro se* status). Moore's claims against these defendants are conclusory and thus fail.

7

McCurdy & Candler, LLC defendants). And if he does not intend to pursue those defendants then he should promptly notify the Court, rather than consume its resources by waiting for a Rule 4(m) dismissal.

**SO REPORTED AND RECOMMENDED** this 28TH day of January, 2015.

/s/ 
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA