# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| SYLVESTER MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV414-237 |
| | ) | |
| PNC MORTGAGE, N.A., | ) | |
| MCCURDY & CANDLER, LLC, | ) | |
| NELSON MULLINS & | ) | |
| SCARBOROUGH, LLP, | ) | |
| GREGORY M. TAUPE and | ) | |
| Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro* se plaintiff Sylvester Moore brought this case under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692e (FDCPA). Doc. 1. Specially appearing, defendants PNC Mortgage, N.A., Gregory M. Taube and Nelson Mullins Riley & Scarborough, LLP, moved to dismiss on both Fed. R. Civ. P. 12(b)(6) and Fed. R Civ. P. 4(m) grounds. Docs. 9-1 at 7-8 (arguing that if Moore failed to perfect service by March 1, 2015, the Court should dismiss under Rule 4(m); doc. 10-1 at 7-8 (same).[1]

---

1 Moore filed his Complaint on October 31, 2014. Doc. 1. Under Rule 4(m), he had until Monday, March 1, 2015, to serve the defendants.

In its still-pending Report and Recommendation (R&R), the Court advised that the motions be granted under Rule 12(b)(6) because plaintiff failed to state a claim. Doc. 19. Because the R&R issued prior to March 1, 2015, the Court did not reach the Rule 4(m) arguments. But it warned Moore that he must abide Rule 4(m) by serving all defendants, including the non-moving defendants "Doe" and McCurdy & Candler LLC defendants, within 120 days of his Complaint's filing (hence, March 1, 2015). *Id.* at 7-8. He has not. Twice he has gotten the Clerk to issue summonses to all but the Doe defendants. Docs. 4-7 & 24-56. But the docket shows no proof of service for any defendant. Within 14 days of the date this Order is served, then, Moore shall show cause why his case should not be dismissed against all defendants under Rule 4(m).

**SO ORDERED,** this 13th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA