# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

SYLVESTER MOORE,    )
                          )
    Plaintiff,        )
                          )
v.                        )    Case No.  CV414-237
                          )
PNC MORTGAGE, N.A.,    )
MCCURDY & CANDLER, LLC,    )
NELSON MULLINS &    )
SCARBOROUGH, LLP,    )
GREGORY M. TAUPE and    )
Does 1-10,        )
                          )
    Defendants.    )

## <u>REPORT AND RECOMMENDATION</u>

*Pro* se plaintiff Sylvester Moore brought this case under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692e (FDCPA). Doc. 1. Specially appearing, defendants PNC Mortgage, N.A., Gregory M. Taube, and Nelson Mullins Riley & Scarborough, LLP, moved to dismiss on both Fed. R. Civ. P. 12(b)(6) and Fed. R Civ. P. 4(m) grounds. Docs. 9-1 at 7-8 (arguing that if Moore failed to perfect service by March 1, 2015, the Court should dismiss under Rule 4(m); doc. 10-1 at 7-8 (same).[1]

---

[1] Moore filed his Complaint on October 31, 2014. Doc. 1. Under Rule 4(m), he had until Monday, March 1, 2015, to serve the defendants.

In its still-pending Report and Recommendation (R&R), the Court advised that those motions be granted under Rule 12(b)(6) because plaintiff failed to state a claim. Doc. 19. But because the Court issued that R&R prior to March 1, 2015, it did not reach the Rule 4(m) arguments. Instead, it warned Moore that he must abide Rule 4(m) by serving all defendants, including the non-moving "Doe" and McCurdy & Candler LLC defendants, within 120 days of his Complaint's filing (hence, March 1, 2015). *Id.* at 7-8.

He has not. Twice he has gotten the Clerk to issue summonses to the moving defendants. Docs. 4-7 & 24-56. But the docket showed no proof of valid service for any of them. So, the Court gave him 14 days to show cause why his case should not be dismissed against all defendants under Rule 4(m). Doc. 30 at 2. In response, Moore filed a "Motion to Show Cause" on March 30, 2015, wherein he claimed to have perfected service: "Additional proof is therefore provided with this motion to show cause, that the parties have been served." Doc. 38. However, there is *no* such additional proof supplied with that motion.

And the defendants, who have never waived service, properly point out

that Moore has *still* failed simply to properly serve them.   Docs. 41 & 42.

As explained elsewhere:

> Federal Rule of Civil Procedure 4(h)(1) requires that a corporation
> be served with process either "by delivering a copy of the summons
> and of the complaint to an officer, a managing or general agent, or
> any other agent authorized by appointment or by law to receive
> service of process." Under Rule 4(h), service of process on a
> corporation may be effected by delivering a copy of the summons
> and the complaint to an officer of the corporation. The Eleventh
> Circuit has held that Rule 4(h) requires personal service on an agent
> of a corporation to properly perfect service. *Dyer v. Wal–Mart
> Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir.2009) ("[t]he term
> "delivering" appears to refer to personal service). In *Dyer* the
> Court upheld dismissal of a *pro se* action on grounds of imperfect
> service where the complainant's only attempt at service was sending
> by certified mail a copy of the summons and complaint to the
> defendant corporation's registered agent.

*Kennebrew v. Green Tree Services LLC*, 2014 WL 4956453 at * 2 (N.D. Ga.

Oct. 2, 2014).   *Kennebrew* noted that

> Rule 4(h) also allows for service of a corporation in the manner
> prescribed by Rule 4(e)(1). Rule 4(e)(1) permits a claimant to perfect
> service by "following state law for serving a summons in an action
> brought in courts of general jurisdiction in the state where the
> district court is located." In Georgia, a corporation is properly served
> by delivering a copy of both the summons and complaint to the
> president or other officer of such corporation, a managing agent
> thereof, or a registered agent thereof. O.C.G.A. § 9–11–4(e)(1)(A).
> "The mailing of a copy of the summons and complaint along with a
> request for acknowledgment of service to Defendant's registered
> agent is not sufficient under Georgia law to perfect service. The
> service upon a registered agent has to be personal." *Ritts v. Dealers*

*Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D.Ga.1997) (citing *Todd v. Harnischfeger Corp.*, 177 Ga.App. 356, 340 S.E.2d 22, 23 (Ga.Ct.App.1985)).

*Id.* at * 2.

Moore did none of that here. All he has done is serve the moving defendants and McCurdy & Candler, LLC by "United States Postal Service by Certified Mail." Doc. 8 at 1. That is insufficient service on the corporate defendants. *Kennebrew*, 2014 WL 4956453 at * 2 (dismissing case under Rule 4(m): "Plaintiff did not personally serve the president or any agent of Defendant Green Tree or Defendant Lendmark. Plaintiff has filed only a U.S. Post Office return receipt showing delivery of a copy of the summons to Green Tree's corporate offices.").

It is also insufficient with respect to individual defendant Gregory M. Taube, under Fed. R. Civ. P. 4(e) and O.C.G.A. § 9-11-4(e)(7) (which requires service to be made upon the defendant personally, or by leaving copies of the summons and complaint at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion who resides at the residence, or by

4

delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process).

As advised in the January 28, 2015 R&R, the Fed. R. Civ. P. 12(b)(6) motion of defendants PNC, Gregory M. Taube and Nelson Mullins Riley & Scarborough, LLP, (does. 9 & 10) should be **GRANTED**, and Moore's case against them should be **DISMISSED WITH PREJUDICE**. Here the undersigned further advises that his case against them, *plus* McCURDY & CANDLER, LLC and the John Doe defendants, faces **DISMISSAL WITHOUT PREJUDICE** on Rule 4(m) grounds. In light of that, the undersigned **DENIES** as moot defendants' motion to strike Moore's amended complaint. Docs. 31 & 32. Finally, the Court **DENIES** as baseless plaintiff's "show cause" and "amend" motions, docs. 37 & 38, but **GRANTS** his motion for an extension of time to respond to the earlier R&R. Doc. 23.

**SO REPORTED AND RECOMMENDED** this 28ᵀᴴ day of April, 2015.

_M. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**