IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SYLVESTER MOORE,     *
                      *
     Plaintiff,          *
                      *
     v.                    *     CV 414-237
                      *
PNC BANK, NATIONAL ASSOCIATION; *
McCURDY & CANDLER, LLC; NELSON *
MULLINS & SCARBOROUGH, LLP; *
GREGORY M. TAUPE; and DOES 1-10, *
                      *
     Defendants.        *

**O R D E R**

Presently pending before the Court is Plaintiff Sylvester Moore's Motion to Dismiss the Complaint Without Prejudice (Doc. 47). For the reasons set forth below, the Court **GRANTS** Mr. Moore's motion **IN PART**. (Doc. 47.)

Federal Rule of Civil Procedure 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing[] (i) a notice of dismissal *before* the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A) (emphasis added). Where a defendant has already served an answer or otherwise filed a dispositive motion, "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." FED. R. CIV. P. 41(a)(2) (emphasis added).

Generally, "[a] district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." <u>Arias v. Cameron</u>, 776 F.3d 1262, 1268 (11th Cir.

2015)(citing Pontenberg v. Bos. Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001)(per curiam)). "In most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." Pontenberg, 252 F.3d at 1255 (emphasis in original). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Id. (citing Durham v. Fla. E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)[1]). In exercising its broad equitable discretion under Rule 41(a)(2), the district "court should weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Arias, 776 F.3d at 1269 (citing McCants v. Ford Motor Co., 781 F.2d 855, 857 (11th Cir. 1986)). Importantly, "the mere attempt to avoid an adverse . . . ruling in and of itself, particularly where there is no evidence of bad faith, does not constitute plain legal prejudice." Pontenberg, 252 F.3d at 1258 (citing McCants, 781 F.2d 855).

At the outset, the Court notes that Mr. Moore has failed to effect proper or timely service under Federal Rule of Civil Procedure 4 as to all Defendants in this matter. (See Doc. 43.) As Defendant McCurdy & Candler, LLC and the John Doe Defendants have neither filed an answer nor other dispositive motion, the Court **DISMISSES WITHOUT PREJUDICE** Mr. Moore's claims against them pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).

---

[1] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in the Eleventh Circuit).

2

Defendants PNC Bank, National Association ("PNC"), Gregory M. Taube, and Nelson Mullins Riley & Scarborough, LLP ("Nelson Mullins") specially appeared, moved to dismiss on both Federal Rules of Civil Procedure 12(b)(6) and 4(m) grounds, and filed objections to the instant motion. (Docs. 9, 10, 48, 49.) Defendants contend only that Mr. Moore "filed his Motion . . . after the Magistrate Judge issued a [R&R] providing for dismissal with prejudice based on Moore's repeated failure to comply with the Court's advisements regarding service on Defendants."[2] (Doc. 48 at 1; Doc. 49 at 1-2.)

The Court nonetheless finds that Mr. Moore is entitled to voluntary dismissal against PNC, Gregory A. Taube, and Nelson Mullins, subject to certain conditions. These Defendants have not shown that they would "lose any substantial right" by a dismissal without prejudice, other than possibly having to litigate again with Mr. Moore in the future. See Pontenberg, 252 F.3d at 1255. These Defendants also have not put forth any evidence of bad faith on Mr. Moore's part beyond his failure to understand Federal Rules of Civil Procedure 4(e) and (h). See Pontenberg, 252 F.3d at 1257-58 (discussing the significance of evidence demonstrating bad faith on the part of counsel in Rule 41(a)(2) analysis) (citing Durham, 385 F.2d at 368 and McCants, 781 F.2d at 858). Simply, PNC, Gregory A. Taube, and Nelson Mullins's arguments are nowhere near sufficient to demonstrate clear legal prejudice.

---

[2] PNC, Gregory M. Taube, and Nelson Mullins appear to misunderstand the Magistrate Judge's April 28, 2015 Report and Recommendation. The Magistrate Judge advises this Court to grant these Defendants' Rule 12(b)(6) motion and dismiss Mr. Moore's claims against them *with* prejudice. (Doc. 43 at 5.) The Magistrate Judge also recommends that the Court dismiss the entire case *without* prejudice on Rule 4(m) grounds as to all Defendants. (Id.)

At the same time, the Court acknowledges the "practical prejudice" of expenses that PNC, Gregory A. Taube, and Nelson Mullins have incurred in defending this action, see McCants, 781 F.2d at 859, which is Mr. Moore's second bite at the apple, see Moore v. PNC Mortgage, N.A., No. 4:14-cv-00127 (S.D. Ga. June 18, 2014). To dissuade abusive or frivolous litigation moving forward, the Court hereby **ORDERS** the following:

(1) The Court **DISMISSES WITHOUT PREJUDICE** Mr. Moore's claims against PNC, Gregory A. Taube, and Nelson Mullins **ON THE CONDITION** that **IF** Mr. Moore chooses to refile his claims against them at a later time, he **SHALL** pay all costs associated with this action, which may include the these Defendants' reasonable attorney's fees.[3]

(2) The Court **DIRECTS** Mr. Moore to notify the Court **IN WRITING** within **SEVEN DAYS** from the date of this Order whether he

  (A) agrees to the curative condition described in Paragraph (1); **OR**

  (B) instead wishes to withdraw his motion to dismiss as to the claims against PNC, Gregory A. Taube, and Nelson Mullins only, in which case the Court will proceed to review the Magistrate Judge's Report and Recommendation (Doc. 43) on the merits. Failure to comply with this directive shall indicate there is no opposition to the curative condition.

(3) The Court **DISMISSES WITHOUT PREJUDICE** Mr. Moore's claims against McCurdy & Candler, LLC and Does 1-10. The Clerk **SHALL TERMINATE** these parties as defendants, as well as all motions and deadlines pertaining to them.

---

[3] See Pontenberg, 252 F.3d at 1260 (finding the district court's decision permitting the plaintiff to dismiss her action without prejudice was not "outside the zone of choice," especially when the Court conditioned dismissal on the payment of costs to the defendant upon refiling, thereby adequately addressing any financial prejudice suffered by the defendant); McCants, 781 F.2d at 860 ("Costs may include all litigation-related expenses incurred by the defendant, including reasonable attorneys' fees." (citations omitted)).

4

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of June, 2015.

/s/ J. Randal Hall
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA